**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KURRAN YUANTE WASHINGTON, | : | |
| Petitioner, | : | Case No. 3:11CV00091 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Madison Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

## I.  INTRODUCTION

Kurran Yuante Washington, an inmate in state custody at the Madison Correctional Institution, as a result of his involuntary manslaughter and aggravated robbery convictions in 1994, brings a *pro se* Petition for Writ of Habeas Corpus 28 U.S.C. §2254.

Washington's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court.  Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Washington's Petition or attached Exhibits that he "is not entitled to relief in the district court...."  Applying this

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

lenient standard to Washington's Petition reveals that it plainly appears that Washington's Petition is time barred. A District Court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

## II. WASHINGTON'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

On October 17, 1994 Petitioner was convicted of involuntary manslaughter and aggravated robbery, each with a firearm specification. (Doc. #1 at 1). Washington indicates that he was sentenced to eighteen to fifty years of imprisonment. *Id*. He timely appealed and on February 16, 1996, the Second District Court of Appeals affirmed his conviction. (Doc. # 1 at 2). Petitioner appealed to the Ohio Supreme Court. (Doc. # 1 at 2). The Ohio Supreme Court denied jurisdiction on July 31, 1996. (Doc. #1-1 at 18). Washington, on April 4, 2003, filed his first petition for post-conviction relief. (Doc. #1 at 4). The trial court dismissed his petition as untimely on August 27, 2003. *Id.*

## III. WASHINGTON'S PETITION IS TIME BARRED

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") applies to Washington's habeas Petition because he filed it on March 22, 2011, well after

the AEDPA became effective.[2] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final after the enactment of the AEDPA and he therefore had until October 29, 1997 to file his petition. *See Lawrence v. Florida,* 549 U.S. 327, 333, 127 S. Ct. 1079 (2007). In Washington's case, the only potential tolling events occurred in 2003, when he filed his first petition for post-conviction relief in the

---

[2] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker*, 199 F.3d at 871.

Montgomery County Court of Common Pleas which was dismissed as untimely. This event did not toll or restart the AEDPA's statute of limitations. The United States Supreme Court has held that if the state court determines that a post conviction proceeding is not "properly filed" pursuant to the state's procedural rules, then that action cannot toll under 28 U.S.C. §2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807,1812 (2005). Indeed, "'The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(citation omitted). Because the AEDPA's one-year period had expired years before Washington filed his first petition for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply. *See id*.

  Perhaps realizing the statute of limitations problem, Washington contends:

> One Year limitations Oct 29,1997.
> Extraordinary Circumstances beyond petitioner's control.
> Petitioner is just now pursuing these issues in Federal Court. (Doc. # 1 at 15).

  These contentions do not assist Washington in overcoming the AEDPA's one-year statute of limitations. First, Petitioner alleges that the statute of limitations ended on October 29, 1997. Although that is the correct date, this allegation does not address why Petitioner waited until 2011 to bring his habeas petition. Next Petitioner contends that there were extraordinary circumstances beyond his control. Washington seems to be

raising the possibility that equitable tolling may forgive his tardiness. *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).  Equitable tolling, however, does not help Washington because he waited more than fifteen years to file his petition.  This length of time negates the possibility that he was diligent in protecting his rights.  *See Griffin*, 399 F.3d at 635 (diligence is one applicable factor).  In addition, Washington's Petition only identifies "extraordinary circumstances" as a reason for his lengthy delay but does not identify those circumstances. Further, Washington does not indicate that he lacked either actual or constructive knowledge of the AEDPA's limitation period.  *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).  Finally, Petitioner alleges he is just now bringing these issues in federal court. Petitioner does not identify how this would toll or otherwise alter the statute of limitations.

Accordingly, it plainly appears from Washington's habeas Petition that his claims are barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Kurran Yuante Washington's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

5

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Washington.

May 9, 2011

                                          s/Sharon L. Ovington
                                            Sharon L. Ovington
                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).